UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MCCLENNY MOSELEY & ASSOCIATES, PLLC, | * * * | CIVIL ACTION NO. 2:22-cv-04710 |
| *Plaintiff* | * * | JUDGE: |
| vs. | * * * | |
| UNITED WHOLESALE MORTGAGE, LLC | * * * | MAGISTRATE: |
| *Defendant* | * * | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the law firm of MCCLENNY MOSELEY & ASSOCIATES, PLLC ("Plaintiff" and/or "MMA"), which respectfully files this *Complaint for Declaratory Judgment* against the named defendant herein, UNITED WHOLESALE MORTGAGE, LLC ("Defendant" and/or "UWM"), on the grounds and for the reasons set forth hereinbelow, to wit:

**PARTIES**

**1.**

Plaintiff, MCCLENNY MOSELEY AND ASSOCIATES, PLLC ("Plaintiff" and/or "MMA"), is a professional limited liability company organized under the laws of the State of Texas with its principal place of business in Houston, Texas, but which is authorized to do and doing business in the State of Louisiana, including in this federal judicial district.

**2.**

Made and named as defendant herein is UNITED WHOLESALE MORTGAGE, LLC. ("Defendant" and/or "UWM"), a limited liability company organized under the laws of the State

of Michigan, with its principal place of business located in Pontiac, Michigan, but which is authorized to do and is doing business in the State of Louisiana, and which may be served through its registered agent for service of process in the State of Louisiana, C T CORPORATION SYSTEM, located at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

## JURISDICTION AND VENUE

**3.**

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship as between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. MMA is a foreign professional limited liability company organized under the laws of State of Texas, and its two members are also both residents and domiciliaries of the State of Texas; therefore, for jurisdictional purposes, MMA is considered a citizen of the State of Texas. UWM, on the other hand, is a foreign limited liability company organized under the laws of the State of Michigan whose members, upon information and belief, are also citizens of the State of Michigan; UWM, therefore, is a citizen of the State of Michigan. Thus, complete diversity of citizenship exists under 28 U.S.C. § 1332.

**4.**

This Court has personal jurisdiction over UWM because it does and is authorized to do business in the State of Louisiana, and because it holds mortgages on the properties at issue in this matter that are situated within this State and in this federal district. UWM has, accordingly, purposefully availed itself of the benefits and protections of Louisiana's laws, and this case arises from or relates to the State of Louisiana.

**5.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims which are the subject of this lawsuit occurred within this federal judicial district, and because several of the properties that are the subject of this litigation are situated within this federal judicial district.

**RELEVANT FACTUAL & LEGAL BACKGROUND**

**6.**

At all times relevant and material to this matter, UWM held mortgages on the following below-listed properties owned by the following homeowners/mortgagors:

| Homeowner/Mortgagor | Property Subject to a Mortgage in favor of UWM |
|---|---|
| Haley Lindsey | 1694 Chloe Dr., Lake Charles, LA 70615 |
| Adrian Billot | 604 Live Oak St., Metairie, LA 70005 |
| Daniel Armand | 120 Clara Dr., Avondale, LA 70094 |
| Kurtis Jones | 10133 Boulevard Way, New Orleans, LA 70127 |
| Andy Nguyen | 2117 Bradford Pl., Harvey, LA 70058 |
| Leonard Ramon | 504 Woodridge Blvd., Mandeville, LA 70471 |
| Kevin Lafleur | 1550 Lacadie Dr. #23, Lake Charles, LA 70605 |
| Francis Jones | 24210 Conservation Way Ave., Ponchatoula, LA 70454 |

**7.**

Separately, and at various different times over the past two years, MMA was hired on a contingency-fee basis to provide legal services to and represent each of the several above-listed homeowner-mortgagors (hereinafter, the "Homeowners") in connection with their property

insurance claims made against their respective property insurance carriers for the damages to their above-listed properties caused by Hurricanes Laura, Delta, and Ida.

8.

Pursuant to the retainer agreements signed by each of the Homeowners, each of the Homeowners agreed to pay MMA an amount equal to 33% of all monies or amounts recovered by MMA in connection with their respective insurance claims, plus reimbursement of expenses.

9.

As a result of the legal services MMA provided, MMA successfully obtained, on behalf of each of the Homeowners, a recovery or payment of insurance benefits and/or settlement proceeds disbursed by the Homeowners' respective insurance carries.  Each such recovery was delivered in the form of a check payment made payable, respectively, to each of the Homeowners, UWM, and MMA, as joint payees.  The total of the settlements among the eight Homeowners was $352,157.46, meaning that the total fee to be taken by MMA was **$116,211.96**.  Further, MMA incurred expenses prosecuting the eight Homeowners' cases in the amount of **$23,463.05.**

10.

La. R.S. 9:5001 gives a "special privilege" to attorneys for the amount of their professional fees on the property recovered thereby, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.

11.

La. R.S. 37:218 allows an attorney at law, by way of written contract signed by his client, to "acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property." La. R.S. 37:218(A). This interest is a "special privilege" and takes rank "as a first

privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws." La. R.S. 37:218(A).

12.

Upon its receipt of the insurance proceeds from the insurance carriers, MMA prepared for the Homeowners, and the Homeowners signed, written disbursement statements ("Breakdowns") detailing the specific portion(s) of all such proceeds due to MMA pursuant to the contingency-fee contracts signed by the Homeowners.

13.

In each such case, MMA provided the signed and executed Breakdown to UWM and requested from UWM that it agree that, if the check was sent by MMA to UWM, UWM would endorse and return the check to MMA so that the funds could be deposited into the appropriate IOLTA account and then distributed per the Breakdown.

14.

MMA advised UWM of its "special privilege" on its earned professional fees under La. R.S. 9:5001 and La. R.S. 37:218 as noted above, and further, specifically requested that UWM adhere to these laws by consenting to the distribution of insurance proceeds so as to allow MMA to retain and be paid its earned professional fees.

15.

On multiple occasions, however, UWM has either refused to endorse the check payments comprising MMA's earned professional fees that remain privileged under La. R.S. 9:5001 and La. R.S. 37:218, or it has otherwise altogether refused to acknowledge the privilege provided under these statutes.  In doing so, UWM has signaled that it will likely continue to refuse to allow MMA to be paid its earned professional fees.

16.

UWM has refused to consent to releasing MMA's attorney fees, claiming that as a loss payee under the standard mortgage clause, it is entitled to the entirety of the insurance proceeds.

17.

UWM's refusal to consent to the distribution as requested by MMA pursuant to applicable law has made it impossible for the Homeowners to make repairs to their homes (the collateral securing the mortgage) and has further resulted in the loss of MMA's earned fee.

## ACTION FOR DECLARATORY JUDGMENT

18.

MMA repeats and re-alleges each and every statement and allegation set forth above as if copied and restated herein *in extenso*.

19.

An actual controversy exists between MMA and UWM within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

20.

La. R.S. 9:5001 gives a "special privilege" to attorneys for the amount of their professional fees on the property recovered thereby, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws.

21.

La. R.S. 37:218 allows an attorney at law, by way of written contract signed by his client, to "acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property." La. R.S. 37:218(A). This interest is a "special privilege" and takes rank "as a first

privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws." La. R.S. 37:218(A).

**22.**

Based on the foregoing, MMA seeks a declaration from this Court as to the respective rights and obligations of the parties under La. R.S. 9:5001 and La. R.S. 37:218, specifically as to whether MMA should be allowed to withdraw 33% of all monies recovered as its earned professional fee, together with its expenses incurred.

**23.**

Plaintiff seeks a declaration that Plaintiff MMA's privilege in the settlement proceeds of the eight Homeowners' cases is superior to UWM's interests.

**24.**

Further, Plaintiff seeks a declaration that UWM be directed to endorse the checks in question for deposit and to allow Plaintiff to deposit the settlement proceeds in its IOLTA account.

**25.**

MMA avers that any such lien or privilege issues presented in this action will be best adjudicated by declaratory judgment, and further, that it is in the best interests of both parties to have their respective rights and obligations under La. R.S. 9:5001 and La. R.S. 37:218 decided by this Honorable Court in due haste and course.

**REQUEST FOR A SPEEDY HEARING UNDER FED. R. CIV. P. 57**

**26.**

Given the circumstances, MMA respectfully requests that this matter be set for a speedy trial or hearing pursuant to FED. R. CIV. P. 57, as is consistent with the "primary goal of declaratory

action," namely, to ensure that a litigant's rights are "protected at the earliest possible time." *Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 219 (5th Cir. 1998).

**277.**

A speedy hearing will prevent further damages from accruing to Plaintiff due to the passage of time.

**WHEREFORE**, considering the premises, Plaintiff, MCCLENNY MOSELEY & ASSOCIATES, PLLC ("Plaintiff"), respectfully prays as follows:

A. That this Honorable Court order an ***expedited hearing*** on this request for declaratory judgment pursuant to FED. R. CIV. P. 57;

B. That, after all due proceedings had, this Court enter a declaratory judgment in favor of Plaintiff declaring as follows:

1) That La. R.S. 9:5001 gives a "special privilege" to attorneys for the amount of their professional fees on the property recovered thereby, to take rank as a first privilege thereon superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial Laws;

2) That La. R.S. 37:218 allows an attorney, by way of written contract signed by his client, to "acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property," and that this interest is a "special privilege" which takes rank as a "first privilege thereon, superior to all other privileges and security interests" under Chapter 9 of the Louisiana Commercial laws;

3) That, in accordance and compliance with La. R.S. 9:5001 and La. R.S. 37:218, and all other applicable law, MMA is entitled to be paid immediately its contractually earned contingency fees out of all check payments and to be reimbursed for its expenses incurred in prosecuting the Homeowners' cases;

4) That Plaintiff's rights in the settlement proceeds are, to the extent of its fees and expenses, superior to those of Defendant;

5) That Defendant be directed to endorse the checks in question for deposit and to allow Plaintiff to deposit the settlement proceeds in its IOLTA account;

6) That Defendant is obligated to Plaintiff under La. R.S. 9:5001 and La. R.S. 37:218 to allow the release of funds;

7) That the amount of Plaintiff's fees under its contingency fee contracts are 33% of the gross proceeds, equal to $116,211.96; and

8) That the amount of Plaintiff's expenses under its contingency fee contracts be set at $23,463.05.

C. For all other general and equitable relief to which Plaintiff may be entitled; and

D. That Defendant be made to pay the costs and disbursements of this action.

Respectfully Submitted:

**MCCLENNY MOSELEY & ASSOCIATES, PLLC**

*/s/ R. William Huye, III*
**R. William Huye, III, LA Bar No. 38282**
1820 St. Charles Ave., Suite 110
New Orleans, Louisiana 70130
Principal Office: (713) 334-6121
Facsimile: (713) 322-5953
William@mma-pllc.com

*Attorney for Plaintiff, McClenny Moseley & Associates, PLLC*